## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| Jerome Riley<br>2444 N. Delaware Ave., Apt. J2<br>Springfield, MO 65803<br><br>      Plaintiff,<br><br>v.<br><br>Central Credit Services, Inc.<br>67 Charleston Square<br>St. Charles, MO 63304<br><br>      Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT COLLECTION**<br>**PRACTICES ACT AND OTHER**<br>**EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because Defendant resides in this judicial district under 28 U.S.C. § 1391.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around May 15, Defendant sent Plaintiff a letter in an effort to collect the debt.

8. This letter included the following written notice: "If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion

thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

9.  On or around May 29, 2009, Plaintiff telephoned Defendant in response to the letter.

10. During this communication, Plaintiff asked Defendant about the meaning of the notice quoted above and, in response, Defendant falsely represented that the notice meant that Defendant would take Plaintiff to court if Plaintiff did not satisfy the debt.

11. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and abusive manner.

12. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

13. Defendant violated the FDCPA.

### <u>COUNT ONE</u>

**Violation of the Fair Debt Collection Practices Act**

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. Defendant violated 15 U.S.C. §1692d in that Defendant used abusive language during its communications in connection with the collection of the debt.

### <u>COUNT TWO</u>

**Violation of the Fair Debt Collection Practices Act**

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

25. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin, Reg. # 1592956
    LEGAL HELPERS, P.C.
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone:  312-753-7576
    Fax: 312-822-1064
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiffs